N THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRINIDAD ZEPEDA,

    Plaintiff,

vs.                                                                                         Civ. No. 99-1071 JC/WWD

LINCOLN COUNTY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court for consideration of Defendant Lincoln County's Motion for Summary Judgment, filed September 1, 2000 *(Doc. 46)* and Plaintiff Zepeda's Motion for Partial Summary Judgment, filed October 10, 2000 *(Doc. 48)*. The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities. The Court finds that Defendant's Motion for Summary Judgment is not well taken and will be **denied**. The Court further finds that Plaintiff's Motion for Partial Summary Judgment is also not well taken and will be **denied**. Finally, the Court will dismiss Plaintiff Zepeda's claim for race discrimination without prejudice.

**BACKGROUND**

Plaintiff Trinidad Zepeda was hired as a Deputy Sheriff for Lincoln County in 1991. When Plaintiff was hired, Lincoln County was aware that Plaintiff was VA-certified 30% service disabled because of an injury to his left knee. In March 1998, he re-injured his left knee, eventually having to undergo replacement surgery in October 1998. Upon inquiring about returning to work, Plaintiff was informed that he would need a medical release form signed by a doctor. Plaintiff provided Lincoln

County with a bill of clean health from his family doctor, Dr. Beechie, which stated that Plaintiff was "considered to have the physical capabilities as he had prior to injury on March 15, 1998." The County then asked Plaintiff to have a second doctor examine him, and Plaintiff complied by visiting Dr. Pennington, an occupational and sports medicine specialist selected by the County. Dr. Pennington concluded that Plaintiff was "limited" in his ability to squat and was "impaired" in his ability to run and recommended that Plaintiff would be able to return to work so long as he could pass the Police Academy physical fitness test.

Plaintiff refused to take the physical fitness test as a precondition to going back to work. Plaintiff alleges that the County did not require a physical fitness test upon hiring him in 1991, and therefore, to require him to take one at this point was discrimination. The County then offered him a different position as a driver for a senior citizens home, which Plaintiff accepted. Plaintiff began the new position on August 18, 2000, but quit the following day.

Plaintiff's suit alleges violations of the Americans with Disabilities Act, breach of employment contract, and race discrimination. Defendant Lincoln County moves for summary judgment on Plaintiff's claims. *See* Defendant's Motion for Summary Judgment, filed Sept. 1, 2000 *(Doc. 46)*. In response, Plaintiff submitted a Motion for Partial Summary Judgment on the breach of contract claim. *See* Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment at 15, filed Oct. 10, 2000 *(Doc. 48)*. Both motions are addressed below.

## ANALYSIS

### I. Standard

Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). When ruling on a motion for summary judgment, the court must construe the facts in the light most favorable to the non-movant. *See Magnum Foods v. Cont'l Cas. Co.*, 36 F.3d 1491, 1497 (10th Cir. 1994). The moving party bears the initial burden of showing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *See Bacchus Indus. v. Arvin Indus.*, 939 F.2d 887, 891 (10th Cir. 1991). All doubts must be resolved in favor of the existence of triable issues. *See World of Sleep v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

### II. Americans with Disabilities Act (ADA)

The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, et seq., prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). In ADA cases where there is an absence of direct evidence of discrimination, courts generally employ the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to evaluate a plaintiff's claim. *Butler v. City of Prairie Village*, 172 F.3d 736, 747 (10th Cir.1999) (citation omitted). Under *McDonnell Douglas*, Mr. Zepeda must first establish a prima facie case by demonstrating by a preponderance of the evidence; (1) a disability as that term is understood under the ADA; (2) that he is qualified with or

without reasonable accommodations; and (3) the employer discriminated against him on the basis of that disability. *See Sorensen v. University of Utah Hosp.*, 194 F.3d 1084, 1086 (10th Cir.1999). The burden then shifts to the County to set forth a legitimate, non-discriminatory reason for its adverse employment action. *See McDonnell Douglas*, 411 U.S. at 802. The burden then shifts back to Mr. Zepeda to present evidence that the County's proffered explanation is pre-textual. *See id.* at 804.

Taking the evidence in the light most favorable to Mr. Zepeda, the Court finds that he is able to demonstrate a prima facie case of discrimination. Mr. Zepeda was VA-certified 30% service disabled upon his hire in 1991. His knee was re-injured in 1998, preventing him from running or squatting. Both running and squatting may be considered major life activities. *See e.g. Sutton v. United Air Lines, Inc.*, 119 S.Ct 2139, 2149 (1999); *Prince v. Claussen*, 1999 U.S. App., LEXIS 502 (10th Cir 1999). Mr. Zepeda's physician has indicated that he has recovered to the same level of ability he possessed prior to re-injuring his knee. Therefore, Mr. Zepeda has demonstrated that despite his current level of disability, he is capable of performing his duties as a deputy sheriff for Lincoln County. Finally, Mr. Zepeda was faced with an adverse employment decision when he was ordered to pass a physical fitness test in order to return to work, even though he was previously hired without having taken a physical fitness test.

Plaintiff Zepeda asserts that the physical fitness test was merely pretext for unlawful discrimination because he was the only person required to submit to the test. Defendant Lincoln County argues instead that each employment situation is based on different facts, and therefore, the test may not be needed in some cases. Furthermore, Lincoln County alleges that physical fitness tests are only required of employees who have been out of work for an extended period of time. The County also argues that Mr. Zepeda interfered with the interactive process central to recovery under

4

the ADA by refusing to provide requested medical information, namely the results of the physical fitness test. *See Smith v. Midland Brake, Inc.*, 180 F.3d 1154,1171-72 (10th Cir.1999) (en banc) (discussing the interactive process between an employer and an employee under the ADA). *See also Templeton v. Neodata*, 162 F.3d 617 (10th Cir. 1998).

The Court finds that there exists a material issue of fact as to whether Lincoln County's proffered reason for requiring Mr. Zepeda to undergo a physical fitness test is pretextual. The Court is particularly troubled by the fact that Mr. Zepeda was a deputy sheriff for many years despite an injury that both parties knew rendered him unable to perform many of the same activities he is now being asked to perform. The parties also disagree as to whether Mr. Zepeda has been singled out for such treatment, or treated as others similarly situated. Finally, the Court finds a material issue of fact exists as to whether Mr. Zepeda actively participated in the process to resolve his claim. Accordingly, Defendant's motion for summary judgment on Plaintiff's ADA claim will be denied.

## III. Breach of Contract

In New Mexico, unless an employee has an explicit contract providing otherwise, employment is presumed to be terminable at-will by either the employer or employee. *See Kiedrowski v. Citizens Bank*, 119 N. M. 572, 575 (Ct. App. 1995)(citing *Melnick v. State Farm Mut. Auto. Ins. Co.*, 106 N.M. 726, 730, *cert. denied*, 488 U.S. 822 (1988)). "An at-will employment relationship can be terminated by either party at any time for any reason or no reason, without liability." *Hartbarger v. Frank Paxton Co*., 115 N. M. 665, 668 (1993), *cert. denied*, 510 U.S. 1118 (1994).

The New Mexico courts have recognized an exception to the at-will employment doctrine where an employer has represented that there are restrictions on its ability to terminate employees. *See Kiedrowski*, 119 N. M. at 575. In this case, Plaintiff Zepeda argues that the County has

established policies and procedures dealing with the hiring, promotion, discharge and general regulations of the Deputies of the County Sheriff's Office, thereby creating an implied contract. *See* Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment at 15, filed October 10, 2000 *(Doc. 48)*. Defendant concedes that a contract for employment between Plaintiff and the County may exist pursuant to NMSA 1978, § 4-41-6, which dictates that any contract between sheriff deputies and the county will include the provisions of any county ordinance passed in connection with personnel policies. *See* Exhibit P to Plaintiff's Response *(Doc. 48)*; Defendant's Reply at 6 *(Doc. 49)*. Personnel manuals have been recognized as creating an implied contract, altering an at will employment relationship to a contractually based relationship, as alleged here. *See e. g. Lukoski v. Sandia Indian Management Co.*, 106 N. M. 664, 666-67, 748 P. 2d 507, 509- 10 (1988). If a contract exists, the Lincoln County Personnel Policies and Procedures Ordinance #1998-1 would control the terms of such a contract. *See* Attachment C to Exhibit 2 of Dft's Motion.

Lincoln County Personnel Policies and Procedures Ordinance #1998-1 § 426 states that "Physical and/or medical examinations may be required of any employee at the discretion of the Elected Official/Department Head or County Manager." The parties dispute whether § 426 was breached by Defendant Lincoln County when the County required Mr. Zepeda to submit to a physical fitness test. Defendant Lincoln County alleges that the language of § 426 includes the right to require Mr. Zepeda to take a physical fitness test. Mr. Zepeda on the other hand, claims that the provision does not encompass a physical fitness test, and therefore, Lincoln County's request was outside the scope of § 426 and a breach of contract.

The Court finds that there is a genuine issue of material fact regarding the scope of the term

"physical examination" in § 426.  A reasonable interpretation of the language could permit a jury to find that a physical fitness test is a component of a "physical exam" as allowed by the Ordinance.  On the other hand, a reasonable jury could also find that a physical fitness test is not included in the language and therefore outside the scope of the Ordinance.  If the jury finds that the physical fitness test is beyond the scope of the ordinance, a reasonable jury could also find that the County was in breach of contract with Mr. Zepeda when it imposed additional demands on his employment.  Therefore, Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment will be denied.

**IV.     Race Discrimination**

Plaintiff has agreed to dismiss his race discrimination claim.

Wherefore,

IT IS HEREBY ORDERED that Defendant Lincoln County's Motion for Summary Judgment, filed September 1, 2000 *(Doc. 46)* is **denied**.

IT IS FURTHER ORDERED that Plaintiff Zepeda's Motion for Partial Summary Judgment, filed October 10, 2000 *(Doc. 48)* is **denied**.

IT IS FINALLY ORDERED that Plaintiff Zepeda's racial discrimination claim is **dismissed without prejudice.**

DATED December 20, 2000.

_____
SENIOR UNITED STATES DISTRICT JUDGE

*Attorney for Plaintiff Trinidad Zepeda*

>Nicholas R. Gentry, Esq.
>Law Offices of Nicholas R. Gentry, L.L.C.
>Albuquerque, New Mexico

*Attorney for Defendant Lincoln County*

>Cindy Lovato-Farmer, Esq.
>Narvaez Law Firm, P.A.
>Albuquerque, New Mexico